**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000035
07-JUN-2018
10:14 AM**

NO. CAAP-18-0000035

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PHILIP BIKLE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-16-005744)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN CAAP-18-0000035
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Philip Bikle's (Bikle) pro se appeal from the Honorable Harry P. Freitas's January 4, 2018 interlocutory order entering Bikle's plea of not guilty to Plaintiff-Appellee State of Hawai'i's (the State) charges for operating a motor vehicle without a valid license in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007 & Supp. 2017) and operating a motor vehicle without liability insurance in violation of HRS § 431:10C-104 (2005), and scheduling Bikle's trial for January 18, 2018.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). HRS § 641-12(a) (2016) provides that "[a]ppeals upon the record shall be allowed from all final

decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence).

In the instant case, the record shows that the district court did not hold a trial on January 18, 2018, and, instead, the district court stayed the case pending the resolution of this appeal. Absent an appealable final judgment, the January 4, 2018 interlocutory order is not eligible for appellate review, and Bikle's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000035 is dismissed for lack of appellate jurisdiction. IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000035 are dismissed as moot.

DATED: Honolulu, Hawai'i, **June 7, 2018.**

Chief Judge

Associate Judge

Associate Judge